IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-20131
Summary Calendar

DANIEL T. MORRIS

Plaintiff - Appellant

v.

FINANCIAL CASUALTY & SURETY, INC., MYRON STEVES & CO., INC.,
TIMOTHY J. FANGUY, MARGARET A. WREN, TIM FANGUY, BAIL BOND
INC., A-1 UNLIMITED INC., LOUIS MARCOTTE III, BAIL BONDS
UNLIMITED LLC, MARCOTTE LLC, PEEPLES FINANCIAL SERVICE,
INC.

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
4:07-CV-1396

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Following dismissal of his RICO action, Daniel Morris appeals the denial
of his motion for leave to file an amended complaint. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court dismissed Daniel Morris' RICO action against defendants because Morris lacked standing. Morris also maintained two Louisiana causes of action. The RICO action provided the only ground for federal jurisdiction over Morris' claims and the district court also dismissed the supplemental state law claims. Morris does not appeal the dismissal of the RICO claim or state law claims.

Subsequently, Morris sought leave to file an amended complaint. In the proposed amendment, Morris alleged that in a previous Louisiana state court action, several of the defendants in this action had used threats and intimidation to coerce him to abandon the litigation and to hinder his production of evidence. Morris asserts these actions were in derogation of 42 U.S.C. § 1985(2).

The district court's denial of leave to amend the complaint is reviewed for abuse of discretion.[1] In denying the motion, the district court noted that the amended complaint failed as a matter of law to state a claim for relief under 42 U.S.C. § 1985(2) because Morris made no allegation of racial or class-based animus.[2] Morris' amendment would have been futile. Moreover, Morris waited six months from the inception of the action and until after dismissal of his only federal claim to attempt to add the obstruction claim. We cannot find the district court's denial of Morris' motion an abuse of discretion.

Morris also claims the district court denied him the use of discovery to augment his amended complaint. Discovery matters are reviewed for an abuse of discretion.[3] The record contains no motions to allow or compel discovery following the dismissal of the RICO and state law actions. Therefore, there is

---

[1] Lewis v. Fresne, 252 F.3d 352, 356 (5th Cir. 2001).

[2] Ryland v. Shapiro, 708 F.2d 967, 973 n.7 (5th Cir. 1983) ("An allegation that the defendants are motived by some class based discrimination is essential to the maintenance of a suit under the second portion of section 1582(2)").

[3] Atkinson v. Denton Pub. Co., 84 F.3d 144, 147 (5th Cir. 1996).

no basis on which we could rule that the district court abused its discretion.

AFFIRMED.